IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVIVSION

WITT CARIBBEAN, LLC                                    PLAINTIFF/
                                                       COUNTER-
                                                       DEFENDANT

v.                        No. 4:21-cv-618-DPM

ATLYS GLOBAL, LLC                                      DEFENDANT/
                                                       COUNTER-
                                                PLAINTIFF/THIRD-
                                                 PARTY PLAINTIFF

v.

WITT GLOBAL PARTNERS, LLC;
WITT GLOBAL PARTNERS FUND I, L.P.;
WITT GLOBAL PARTNERS CAPITAL, LLC,
d/b/a WGP Capital;  WITT GLOBAL PARTNERS
ASSET MANAGEMENT, LLC;  WITT GLOBAL
PARTNERS GP-I, LLC;  WITT CORP;
AG WITT, LLC;  JOHN DOE CORPORATIONS,
Witt Affiliated Companies;  JAMES LEE WITT;
ROD SWEETMAN;  and WILLIAM (BILL) RILEY      THIRD-PARTY
                                                  DEFENDANTS

ORDER

1.      This is a dispute about the formation, management, and
probable dissolution of AG Witt, LLC, a third-party defendant.  Witt
Caribbean, LLC, and Atlys Global, LLC, formed AG Witt in September
2019.  They formed the company to provide emergency management
and natural disaster consulting to governmental entities for profit.

James Lee Witt, Rod Sweetman, and Bill Riley had the business know how; their many Witt Global Partners, LLC-related entities (some or all of which are counter and third-party defendants in this case) were already up and running in the industry. Atlys had the money, or access to it, and intended to finance the new company for a fifty-percent stake. Atlys says it and Witt Caribbean were the only two members of AG Witt, each with an equal ownership share. Atlys alleges that Witt, Sweetman, and Riley made unauthorized cash distributions from AG Witt to themselves and to other Witt-related entities, plus failed to make good on their promise to contribute the bulk of the other Witt-related entities' business to AG Witt.

In May 2021, Witt Caribbean sued Atlys in Arkansas state court for declaratory relief. The complaint sought the dissolution of AG Witt and a court-supervised winding up of the business. Atlys removed the case here, answered, and counterclaimed against Witt Caribbean. Atlys also sued many Witt-related entities and Witt, Sweetman, and Riley for breach of contract, securities fraud, fraud, negligent misrepresentation, breach of fiduciary duty, and accounting-related claims. Witt Caribbean and the individual and still-existing corporate third-party defendants—including Witt Global Partners, LLC, and AG Witt (the parties' joint venture)—waived service. Witt Caribbean answered the counterclaims against it. Witt, Sweetman, and Riley answered the claims against them. Witt Global Partners and AG Witt did not answer

- 2 -

or otherwise respond to the third-party complaint. No default was sought from the Clerk of Court. Instead, Atlys has moved for a default judgment against Witt Global Partners and AG Witt. Witt Global Partners responded to the motion and answered, approximately five months late. AG Witt has not appeared.

The best practice is to seek a Clerk's default before moving for a default judgment. Fed. R. Civ. P. 55(a); *Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781, 783 (8th Cir. 1998). But no useful purpose would be served by deciding Atlys's motion on this technical basis. The Court therefore construes *Doc. 42* as a combined motion for default and default judgment. The Court directs the Clerk to update the docket to reflect the Court's construction.

**2.** As to Witt Global Partners, the motion is denied. This Court's preference is to rule on the merits. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). Witt Global Partners was negligent in failing to answer the claims against it, but there is nothing in the record to indicate that it did so intentionally or for some strategic benefit. *Union Pacific Railroad Co. v. Progress Rail Services Corp.*, 256 F.3d 781, 782–83 (8th Cir. 2001). The Court has reviewed Witt Global Partners's answer. It contains a meritorious defense. And Atlys will not be prejudiced by a delayed answer. The case has been progressing in due course against the non-defaulting defendants, and plenty of time is left for discovery

- 3 -

before the scheduled trial date in February 2024. The Court deems Witt Global Partners's answer timely filed.

**3.**     As to AG Witt, the issues are more tangled, but the motion is also denied. AG Witt is named as a third-party defendant in the style of Atlys's third-party complaint. But, insofar as the Court can tell, no clear claim against AG Witt appears. Atlys says that it has pressed an equitable accounting claim against AG Witt in count IX of its third-party complaint. *Doc. 43 at ¶ 23.* The Court does not see it. While counsel for Witt Caribbean waived service for AG Witt, they now recognize that the parties' stalemate about that entity — whether it exists, and who controls it, among other things — presents some difficulties in anyone responding on the joint venture's behalf. AG Witt, though, is the hub around which the parties' dispute turns. And both sides need to give attention to the joint venture's proper place in this case sooner rather than later. Given the lack of a current claim against AG Witt, the Court intends to dismiss the joint venture on 30 September 2022 unless some party proposes an amended pleading before then that brings that company into the case in an appropriate posture.

\*     \*     \*

Atlys's combined motion for default and default judgment, *Doc. 42*, is denied.

- 4 -

So Ordered.

_WPMarshall Jr._

D.P. Marshall Jr.
United States District Judge

_19 August 2022_