IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVIVSION

WITT CARIBBEAN, LLC                                    PLAINTIFF/
                                                       COUNTER-
                                                       DEFENDANT

v.                    No. 4:21-cv-618-DPM

ATLYS GLOBAL, LLC                                      DEFENDANT/
                                                       COUNTER-
                                                       PLAINTIFF/THIRD-
                                                       PARTY PLAINTIFF

v.

WITT GLOBAL PARTNERS, LLC;
WITT GLOBAL PARTNERS FUND I, L.P.;
WITT GLOBAL PARTNERS CAPITAL, LLC,
d/b/a WGP Capital; WITT GLOBAL PARTNERS
ASSET MANAGEMENT, LLC; WITT GLOBAL
PARTNERS GP-I, LLC; WITT CORP;
AG WITT, LLC; JOHN DOE CORPORATIONS,
Witt Affiliated Companies; JAMES LEE WITT;
ROD SWEETMAN; and WILLIAM (BILL) RILEY     THIRD-PARTY
                                           DEFENDANTS

ORDER

For the reasons stated on the record, the Court orders the following steps to resolve the discovery disputes:

- Witt Caribbean, James Witt, Rod Sweetman, William Riley, Witt Global Partners, and AG Witt must respond fully to all the pending written discovery by 20 January 2023. Given the long-delayed responses, if the Witt parties do not comply, the Court will consider sanctions.

- Any objection by the Witt parties to all pending discovery is waived, except for attorney-client privilege and confidentiality about *ongoing* buyout negotiations.

- Information about any *concluded* buyout negotiations is discoverable now. Atlys must propound new specific discovery about buyout negotiations. That discovery must include a carveout that gives the Witt parties thirty days to respond after any *ongoing* negotiations end.

- The parties must meet and confer today and agree on deposition dates in late February or March, with the particulars to be sorted after the Witt parties respond to the discovery.

The Court directs counsel for all parties to study the Final Scheduling Order, *Doc. 41*. The parties must proceed on any other discovery disputes in strict compliance with that Order and the models of joint reports of discovery disputes, which the Court has provided to counsel informally. The Court also directs the parties to make more use of local counsel, especially on discovery issues.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

7 December 2022