IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVIVSION

| | |
|---|---|
| **WITT CARIBBEAN, LLC** | **PLAINTIFF/ COUNTER- DEFENDANT** |
| v. No. 4:21-cv-618-DPM | |
| **ATLYS GLOBAL, LLC** | **DEFENDANT/ COUNTER- PLAINTIFF/THIRD- PARTY PLAINTIFF** |
| v. | |
| **WITT GLOBAL PARTNERS, LLC; WITT GLOBAL PARTNERS FUND I, L.P.; WITT GLOBAL PARTNERS CAPITAL, LLC, d/b/a WGP Capital; WITT GLOBAL PARTNERS ASSET MANAGEMENT, LLC; WITT GLOBAL PARTNERS GP-I, LLC; WITT CORP; AG WITT, LLC; JOHN DOE CORPORATIONS, Witt Affiliated Companies; JAMES LEE WITT; ROD SWEETMAN; and WILLIAM (BILL) RILEY** | **THIRD-PARTY DEFENDANTS** |

### ORDER

1.  In an earlier Order, *Doc. 134*, the Court denied Atlys Global's motion for summary judgment. Here's why.

James Lee Witt served as director of the Federal Emergency Management Agency under President Clinton. Since then, he's worked

as a consultant. In 2019, Witt and his business partners, Rod Sweetman and Bill Riley, met with Atlys Global about launching a joint venture to provide disaster recovery and emergency management consulting services. Witt would provide the reputation and expertise; Atlys Global the money. Term sheets were negotiated. A joint venture—AG Witt—was formed. Business was conducted. But things soured, and here we are.

There are fundamental disputed material facts that make summary judgment inappropriate. The first, for example, is whether the parties made a contract. Atlys Global argues hard that a term sheet, *Doc. 85-1*, is the parties' contract. But the term sheet says it "is NON-BINDING and is intended only to set forth some of the principal terms proposed for a working relationship between" Atlys Global and the Witt parties. *Doc. 85-1 at 1*. Witt and Atlys Global operated under the term sheet but never entered a later, "binding" agreement. *Doc. 109-5 at 13; Doc. 85-1 at 1*. Beyond formation, the performance facts are genuinely disputed. Atlys Global says that the Witt parties didn't give best efforts and actually funneled business to other entities. *E.g., Doc. 111 at 25*. The various torts alleged spring from the Witt parties' disputed acts and omissions. The Witt parties disagree, saying they did nothing wrong. *Doc. 119 at 32 & Doc. 118 at 5*. They also say they want out of the deal because Atlys Global choked the joint venture with minimal funding and wanted to finance AG Witt's accounts

receivables at an exorbitant interest rate before covering payroll. *Doc. 109-5 at 28 & 34.* Atlys Global responds that it did nothing wrong. The facts of the record in what is essentially a business divorce action point both ways. A jury must decide the contested contract issues and the related claims.

**2.** The motions *in limine* fail, too. These motions largely relitigate the matters raised in Atlys Global's motion for summary judgment. The Court, for example, will not instruct the jury that the 6 September 2019 term sheet was a final binding contract—as requested in the first and second motions *in limine*—because there are genuine disputes of material fact on that issue. As for the third and fourth motions, Atlys Global may cross-examine witnesses using their deposition testimony and other exhibits. Any other evidentiary issues can be handled as they arise during trial.

**3.** That leaves the motion for sanctions. Atlys Global challenges six statements made in Witt Caribbean's complaint that it says were knowingly false. Three of those statements—labeled as statements three, four, and six—are contested issues in the case. They have evidentiary support. The other three statements—one, two, and five—are admittedly wrong. But should the Witt parties be sanctioned under Rule 11? No. Statement five, about AG Witt not being formed, is small potatoes. The statements related to personal jurisdiction—two and three—are more serious. Witt Caribbean said

that its principal place of business was in Pulaski County, Arkansas. This was, all now agree, not true. Witt Caribbean's principal place of business was in Puerto Rico. And this error has some significance because Witt Caribbean also said that the Pulaski County Circuit Court\*  could exercise personal jurisdiction over Atlys Global because it had entered a joint venture with an Arkansas-based company. *Doc. 4 at 1.* This error, though, is not sanctionable for two reasons.

First, the mistake is understandable. James Lee Witt operated out of Arkansas. Witt Global Partners and its affiliates had their principal place of business in Pulaski County. *Doc. 12-1 at 16-19 & Doc. 48 at 2-3.* Witt Caribbean was the exception. It was formed after a hurricane hit Puerto Rico, but was inactive. *Doc. 109-2 at 6-8.* The record establishes that the Witt parties pulled the Witt Caribbean entity off the shelf when they needed a company on short notice to plug into the joint venture. That the Witt folks' base of operations was in Little Rock was never in any real doubt. There's nothing indicating that the erroneous allegation about the location of Witt Caribbean's principal place of business was anything other than an honest mistake.

Second, there's no prejudice. When Atlys Global filed its answer, counterclaim, and third-party complaint in September 2021, it alleged that Witt Caribbean's principal place of business was in Puerto Rico.

---

\*Witt Caribbean filed its complaint in state court. Atlys Global removed the case to this Court.

*Doc. 12-1 at 16.* Each of the Witt parties admitted that fact in their answer. *Doc. 24 at 1; Doc. 33 at 1; Doc. 34 at 1; & Doc. 35 at 1.* Did Atlys Global then file a motion to dismiss for lack of personal jurisdiction? It did not.

All material things considered, no sanctions are appropriate. *Navarro-Ayala v. Hernandez-Colon*, 3 F.3d 464, 467 (1st Cir. 1993) (Breyer, J., writing).

\* \* \*

For the reasons stated, Atlys Global's motions, *Doc. 124, 129, 130, 131 & 132*, are denied.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

3 May 2024